J-S67033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HERBERT N. GREEN, | |
| Appellant | No. 512 MDA 2015 |

Appeal from the Order Entered February 20, 2015
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0000898-2010

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JANUARY 06, 2016**

Appellant, Herbert N. Green, appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and granting counsel's petition to withdraw.  We affirm.[1]

On August 25, 2010, a jury convicted Appellant of aggravated assault and related firearms violations.[2]  The charges arose from an incident in

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] On June 17, 2015, Appellant filed an application to correct the certified record, which was deferred for disposition to this panel.  (**See** *Per Curiam* Order, 9/22/15).  We deny Appellant's request for relief as moot.

[2] 18 Pa.C.S.A. §§ 2702(a)(1), 6105(a)(1), 2707.1, and 6106(a)(1), respectively.

which Appellant opened fire in a bar, and shot one of the bar's bouncers in the leg. On October 21, 2010, the court sentenced Appellant to an aggregate term of not less than twelve-and-one-half nor more than twenty-eight years' incarceration. This Court affirmed Appellant's judgment of sentence on August 3, 2011, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on January 18, 2012. (**See Commonwealth v. Green**, 32 A.3d 822 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 37 A.3d 1194 (Pa. 2012)).

On October 4, 2012, Appellant filed a timely *pro se* PCRA petition. The court appointed counsel on October 16, 2012. On February 12, 2013, appointed counsel filed a petition to withdraw pursuant to **Turner**/**Finley**,[3] and, on May 9, 2013, the court filed a Rule 907 notice of its intention to dismiss the petition and grant counsel's motion to withdraw. **See** Pa.R.Crim.P. 907(1). On June 20, 2013, Appellant filed a response to the notice. The court dismissed Appellant's PCRA petition and granted counsel's petition to withdraw on June 26, 2013. Appellant timely appealed *pro se*. On May 20, 2014, this Court concluded that counsel's petition to withdraw was deficient, vacated the PCRA court's order, and remanded for the court to appoint new PCRA counsel. (**See Commonwealth v. Green**, No. 1268 MDA 2013, unpublished memorandum at *11 (Pa. Super. filed May 20, 2014)).

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On July 3, 2014, the court appointed new counsel as directed. On July 16, 2014, counsel moved for the transcription of the trial and sentencing testimony, and an extension of time to file an amended PCRA petition. On July 24, 2014, the court granted counsel's motion, and ordered the preparation of the requested transcripts. On November 20, 2014, counsel filed a motion to withdraw, and, on January 8, 2015, the court filed a Rule 907 notice. (Motion to Withdraw As PCRA Counsel, 11/20/14, at unnumbered page 15). Appellant replied to the court's notice on January 26, 2015, and the court dismissed the PCRA petition on February 20, 2015. Appellant timely appealed.[4]

Appellant raises four issues for our review:

1.      Whether PCRA counsel . . . was ineffective where she filed a [***Turner/Finley***] letter that failed to meet all of the technical prerequisites of [***Turner/Finley***] where she erroneously determined that [Appellant's] layered claims of ineffective assistance of trial counsel[,] prosecutorial misconduct of [the district attorney, and] abuse of discretion of [the] trial[]judge . . . were without merit without first conducting a zealous review of the record, but placed the onus on [Appellant] to clarify and apply the law to his issues rather than using her own expertise to do so[?]

2.      Whether the PCRA court abused it's [sic] discretion and or erred as a matter of law where the court acted arbitrarily by permiting [sic] counsel to withdraw from the case without first

---

[4] Appellant filed a timely Rule 1925(b) statement on April 13, 2015. ***See*** Pa.R.A.P. 1925(b). The court filed a memorandum statement on May 13, 2015 in which it relied on its January 8, 2015 Rule 907 notice. ***See*** Pa.R.A.P. 1925(a).

meeting the proper technical prerequisites of [**Turner/Finley**] by conducting a diligent review of [Appellant's] case and conduct[ing] it's [sic] own independent review of the record which would demonstrate that [Appellant's] claims were arguable in their merits[?]

3. Whether the PCRA court abused it's [sic] discretion and or erred as a matter of law where the court forclosed [sic] any opportunity for [Appellant] to have a [sic] evidentiary hearing concerning the issues raised by [Appellant],[]when the PCRA court denied [Appellant's] PCRA [petition], even after the Superior [C]ourt[']s Opinion . . . filed May 20, 2014[?]

4. Whether the [A]ppellant is eligible for relief under the standard of newly discovered evidence, where in the requirements of the mandatory minimum law, the [A]ppellant was sentenced illegally, under the Constitution and according to **Com. v. Hopkins**[, 117 A.3d 247 (Pa. 2015)[5]] also **Alleyne v. United States**[, 133 S.Ct. 2151 (2013)?]

(Appellant's Brief, at iii) (some capitalization omitted).

[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

**Commonwealth v. Freeland**, 106 A.3d 768, 775 (Pa. Super. 2014)

(citation omitted). "This Court grants great deference to the findings of the

PCRA court if the record contains any support for those findings."

---

[5] **Hopkins** involved a direct appeal in which the Pennsylvania Supreme Court applied the United States Supreme Court's holding in **Alleyne** that, "under the Sixth Amendment to the United States Constitution, a jury must find beyond a reasonable doubt any facts [other than those related to prior convictions] that increase a mandatory minimum sentence." **Hopkins**, **supra** at 249.

***Commonwealth v. Smith***, 121 A.3d 1049, 1052 (Pa. Super. 2015)

(citation omitted).[6]

In his first issue, Appellant contends that PCRA counsel was ineffective

for "fil[ing] a ***Turner/Finley*** letter that failed to [meet] all of the

_____

[6] We acknowledge that Appellant is proceeding *pro se*:

> . . . although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant.  Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court.  This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.  [***See***] Pa.R.A.P. 2101.

***Freeland***, ***supra*** at 776-77 (case citations omitted).

Here, Appellant's brief fails to comply with the Pennsylvania Rules of Appellate Procedure.  First, we note, the argument section does not contain headings that correspond to each of his questions involved, making his rambling argument challenging to follow, at best.  ***See*** Pa.R.A.P. 2119(a); (***see also*** Appellant's Brief, at 1-23).  Also, Appellant failed to include a copy of the Rule 1925(b) statement filed in the PCRA court.  ***See*** Pa.R.A.P. 2111(a)(11).  More importantly, although he provides a standard and scope of review, (***see*** Appellant's Brief, at ii), he appears to misapprehend the requirement that we review the findings of the PCRA court in the light most favorable to the Commonwealth as the prevailing party.  Instead Appellant provides exhaustive recitations of fact, and then concludes that PCRA counsel and the court should have reached a result that was favorable to him. (***See, e.g.***, ***id.*** at 3-11).  Appellant does not establish his right to PCRA relief merely because he generally disagrees with the court's findings of fact or their result.  ***See Freeland***, ***supra*** at 777.

However, in spite of these violations, to the extent that we can conduct meaningful appellate review of Appellant's issues, we will not deem them waived on this basis.  ***See id.*** (addressing "the arguments that can reasonably be discerned from this defective brief.") (citation omitted).

prerequisites . . . ." (Appellant's Brief, at 1). Specifically, Appellant alleges that counsel failed to "conduct[] a zealous review of the whole records and testimony." (*Id.*). This issue is waived.

It is well-settled that "claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter." *Commonwealth v. Ford*, 44 A.3d 1190, 1201 (Pa. Super. 2012). In fact, "a majority of the [Pennsylvania] Supreme Court agrees that issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court." *Id.* at 1200.

Here, in his response to the court's Rule 907 notice, Appellant failed to allege the ineffectiveness of PCRA counsel. (*See* Response to Rule 907 Notice, 1/26/15, at unnumbered pages 1-6). Although he claimed the ineffectiveness of PCRA counsel in his Rule 1925(b) statement, (*see* Rule 1925(b) Statement, 4/15/15, at 1-2), this is not enough to preserve the issue for our review. *See Ford*, *supra* at 1200-01; *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Therefore, Appellant's first issue is waived.

In his second issue, Appellant maintains that the PCRA court erred in granting counsel's petition to withdraw because the court failed to "meet[] the proper technical prerequisites of [*Turner/Finley*]." (Appellant's Brief, at

iii). Specifically, Appellant's contention is that, "had the [c]ourt conducted an independent review of the record thoroughly, [i]t could not conclude that the Appellant[']s claims were without merit." (**Id.** at 17). Appellant's issue does not merit relief.

It has long been the law of this Commonwealth that:

> The **Turner/Finley** decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court . . . then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.
>
> . . . [T]his Court [also] imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal . . . . [C]ounsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney.

**Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013) (citations and footnote omitted).

In this matter, PCRA counsel's fifteen-page motion to withdraw thoroughly addressed the numerous allegations raised in Appellant's *pro se* PCRA petition, detailed the extent of her review, and provided a copy of the motion to withdraw and a letter to Appellant advising him that he was "entitled to retain private counsel, proceed *pro se*, and either with counsel or

without provide the [c]ourt with a [s]upplemental [b]rief to correspond with the petition for relief [he had] filed." (Motion to Withdraw as PCRA Counsel, 11/20/14, at Exhibit B; *see also id.* at unnumbered pages 3-15). Thereafter, despite Appellant's allegation to the contrary, the PCRA court certified that it conducted its own independent review of Appellant's PCRA issues, and provided a substantive opinion addressing all nine of the claims in its Rule 907 notice. (*See* Rule 907 Notice, 1/08/15, at 2-6). This satisfied the technical requirements of *Turner*/*Finley*. *See Rykard*, *supra* at 1184. Accordingly, Appellant's claim that the court failed to meet the *Turner*/*Finley* prerequisites of conducting its own independent review before granting counsel's petition to withdraw, lacks merit. *See Smith*, *supra* at 1052; *Freeland*, *supra* at 775.

Moreover, Appellant utterly fails to establish that the PCRA court erred in finding that his issues are frivolous. In his PCRA petition, Appellant asserted nine claims of trial counsel ineffectiveness. (*See Pro Se* PCRA Petition, 10/04/12, at 3; *see also* Appellant's Brief, at 3-11). We observe first that:

> [T]o succeed on an ineffectiveness claim, a petitioner must demonstrate that: the underlying claim is of arguable merit; counsel had no reasonable basis for the act or omission in question; and he suffered prejudice as a result, *i.e.*, there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding.

*Commonwealth v. Laird*, 119 A.3d 972, 978 (Pa. 2015) (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987)) (most citations omitted). "Counsel's assistance is **deemed constitutionally effective** once this Court determines that the defendant has not established any one of the prongs of the ineffectiveness test." *Commonwealth v. Rolan*, 964 A.2d 398, 406 (Pa. Super. 2008) (citation omitted and emphasis in original). Further, to obtain PCRA relief on a claim of ineffectiveness of counsel, the petitioner must plead and prove, "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

In the present case, although he cites the ineffectiveness test, Appellant does not expressly address the three *Pierce* prongs. (*See* Appellant's Brief, at 3-23; *see also* Pro Se PCRA Petition, 10/04/12, at 3, 7). Accordingly, Appellant failed to meet his burden of pleading and proving trial counsel's ineffectiveness. *Laird*, *supra* at 978; *Rolan*, *supra* at 406. Moreover, our independent review of the record reveals that the court properly granted PCRA counsel's motion to withdraw and denied Appellant's PCRA petition where the underlying issues were either previously litigated or lacked merit, and Appellant was not prejudiced by counsel's actions. *See Smith*, *supra* at 1052; *Freeland*, *supra* at 775. Appellant's second issue does not merit relief.

In Appellant's third issue, he alleges that the PCRA court erred in denying him a hearing on his petition. (**See** Appellant's Brief, at iii, vi, 16, 21, 22). This claim is waived and would not merit relief.

In three discrete sentences scattered throughout his twenty-three page argument, Appellant states, without any further discussion or citation to pertinent authority, that he should have been granted the opportunity to be heard at a PCRA hearing. (**See id.** at 16, 21, 22). However, "[w]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009), *cert. denied*, 562 U.S. 906 (2010) (citation omitted). Therefore, Appellant's issue is waived. **See id.** Moreover, it would not merit relief.

"[I]t is well settled that the right to an evidentiary hearing on a PCRA petition is not absolute, and the PCRA court may decline to hold a hearing if the petitioner's claims are patently frivolous with no support in either the record or other evidence." **Commonwealth v. Garcia**, 23 A.3d 1059, 1066 n.9 (Pa. Super. 2011), *appeal denied*, 38 A.3d 823 (Pa. 2012) (citation omitted).

Instantly, we have already concluded that the PCRA court properly granted counsel's petition to withdraw and denied Appellant's PCRA petition on the basis that his claims were frivolous. Therefore, even if not waived,

this issue would lack merit. ***See id.***; ***see also Smith***, ***supra*** at 1052; ***Freeland***, ***supra*** at 775.

In his fourth issue, Appellant claims that his judgment of sentence was illegal because it contained a mandatory minimum term of incarceration, which was declared unconstitutional by ***Alleyne***, ***supra***. (***See*** Appellant's Brief, at iii, 12). However, ***Alleyne*** does not apply retroactively to cases on collateral review. ***See Commonwealth v. Riggle***, 119 A.3d 1058, 1067 (Pa. Super. 2015). Therefore, Appellant's fourth issue does not merit relief, and we affirm the PCRA court's order denying his petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2016